[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGEMENT #111
CT Page 10744
The plaintiff, Robert Teixeira, filed a seven-count amended complaint against the defendants, John Miranda, John Miranda, Jr. and Frog Pond, Inc. (Frog Pond). The plaintiff alleges that on March 27, 1994, he was a patron at the Frog Pond, a restaurant and bar located in Stratford. Miranda is president and permittee of the Frog Pond. At 12:30 a.m., an altercation occurred between the plaintiff and one or more employees or agents of the Frog Pond, including Miranda Jr. During the altercation, plaintiff alleges he was assaulted, kicked, struck, thrown down and otherwise beaten by one or more of the Frog Pond's employees and/or Miranda. The plaintiff alleges in counts one through six that his injuries are the result of the Frog Pond's negligence and recklessness in failing to properly train and supervise security personnel, the negligence and recklessness of Miranda in failing to properly train and supervise security personnel, and the negligence and recklessness of Miranda Jr. in failing to properly train and supervise security personnel. The plaintiff alleges in count seven that Miranda Jr. and other employees negligently came in contact with the plaintiff and caused his injuries.
The defendants moved to implead their insurance provider, Penn-America Insurance Company (PAIC), and subsequently filed a third party complaint against PAIC on December 22, 1995, alleging that PAIC has a duty to defend and indemnify them against the plaintiff's claims.[1] PAIC filed a motion for summary judgment on the ground that it is entitled to summary judgment as a matter of law because the underlying complaint is based upon conduct which falls under an assault and battery exclusion contained in the insurance policy, and therefore it has no duty to indemnify or defend the defendants. PAIC also argues that the plaintiff's claims are based on a theory of assault and battery, and the pleading of a negligence claim in the seventh count does not bring the plaintiff's claims outside the policy exclusion for such acts. Neither the plaintiff nor the defendants have filed an objection to PAIC's motion for summary judgment. The matter was heard by the court on August 17, 1998.
"Practice Book § 384 [now Practice Book (1998 Rev.) § 17-49] provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material CT Page 10745 fact and that the moving party is entitled to judgment as a matter of law . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party . . . The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . ." (Citations omitted.) Hertz Corp. v.Federal Ins. Co., 245 Conn. 374, 380-81, (1998).
"[A]n insurer's duty to defend . . . is determined by reference to the allegations contained in the [injured party's] complaint. . . . The duty to defend an insured arises if the complaint states a cause of action which appears on its face to be within the terms of the policy coverage. . . Because [t]he duty to defend has a broader aspect than the duty to indemnify and does not depend on whether the injured party will prevail against the insured . . . [i]f an allegation of the complaint falls even possibly within the coverage, then the insurance company must defend the insured." (Citations omitted; internal quotation marks omitted; emphasis in original.) Imperial CasualtyAnd Indemnity Co. v. State, 246 Conn. 313, 323-24, (1998).
PAIC contends that the defendants' conduct is not covered by the existing commercial policy, which provides the following exclusion: "In consideration of the premium charged it is hereby understood and agreed that this policy will not provide coverage meaning indemnification or defense costs arising out of `Bodily Injury' or `Property Damage' resulting from assault and battery or physical altercations that occur on or near the insured's premises 1) Whether or not caused by, at the instigation of, or with the direct or indirect involvement of the insured, the insured's employees, patrons or other persons on the insured's premises, or 2) Whether or not caused by or arising out of the insured's failure to properly supervise[2] or keep the insured's premises in a safe condition." (Third Party Complaint, Ex. A).
The language of the policy makes plain the parties' intent to exclude from coverage acts arising out of an assault or battery occurring on the premises. Yet the plaintiff's claims against the defendants in counts one through six do not allege that his injuries were caused by an assault and battery, but rather through the defendants' negligent and reckless supervision. CT Page 10746
"An insurance policy is to be interpreted by the same general rules that govern the construction of any written contract and enforced in accordance with the real intent of the parties as expressed in the language employed in the policy. . . The determinative question is the intent of the parties, that is, what coverage the . . . [insured] expected to receive and what the [insurer] was to provide, as disclosed by the provisions of the policy . . . It is axiomatic that a contract of insurance must be viewed in its entirety, and the intent of the parties for entering it derived from the four corners of the policy. . . The policy words must be accorded their natural and ordinary meaning . . . [and] any ambiguity in the terms of an insurance policy must be construed in favor of the insured because the insurance company drafted the policy. . . [T]his rule of construction favorable to the insured extends to exclusion clauses." (Citations omitted; internal quotation marks omitted.)Imperial Casualty And Indemnity Co. v. State, supra,246 Conn. 324-25.
The exclusion at issue here involves instances where an assault and battery causes bodily injury or property damage. Again, in counts one through six the plaintiff has not alleged that his injuries were caused by the assault and battery, but by the defendants' reckless and negligent supervision of its agents and employees. Such allegations do not trigger the assault and battery exclusion to the policy. Accordingly, PAIC's motion for summary judgment as to its duty to defend or indemnify the defendants is denied with regard to counts one through six of the plaintiff's amended complaint.
Count seven, however, includes allegations that the defendants negligently assaulted and battered the plaintiff. Specifically, the plaintiff alleges that several of the defendants "negligently came in contact with the plaintiff . . . causing the plaintiff to suffer . . . severe and disabling injuries to his head, face, nose, cheek, shoulder, and left knee."
In Maryland Casualty Ins. Co. v. Carpentino, Superior Court, judicial district of New Haven at New Haven, Docket No. 354603 (January 22, 1997, DeMayo, J.T.R.), the court was faced with a similar allegation of "negligent assault." The court inCarpentino attempted to determine the intent of the attacker by reviewing the occurrence in question and the particular actions of the attacker. There, the court was aided by the supporting CT Page 10747 evidence provided by the parties in determining that the tortfeasor could only have acted in an intentional manner, and thus the occurrence fell outside of the policy. Here, however, no relevant affidavits, depositions or incident reports have been submitted. Therefore, there is no evidence from which the court may determine what the intent of the defendants was when they negligently came in contact with the plaintiff. This in turn means that there exists a genuine issue of material fact concerning whether the defendants' actions were negligent or intentional. See Peter-Michael, Inc. v. Sea Shell Associates,244 Conn. 269, 275, 709 A.2d 558 (1998) (intent is a question of fact). Accordingly, PAIC's motion for summary judgment is also denied as it pertains to count seven of the plaintiff's amended complaint.[3]
THOMAS NADEAU, J.